**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SANDRA DENISE EBRON,
                    Appellant,

              v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-3443-14-0735-I-1

DATE: January 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gary Lynch, Goldsboro, North Carolina, for the appellant.

Whitney Krause, Esquire, Manassas, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her nonselection for a promotion appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant is employed by the agency as a GS-11 Quality Assurance specialist. Initial Appeal File (IAF), Tab 1 at 5. According to the appellant, in February 2014, she applied for a GS-12 Quality Assurance (nuclear) position with the agency and her application was submitted to the selecting official for review and consideration. *Id.* The agency attempted to contact her supervisor in connection with her application but was unable reach him prior to the close of the selection process, and the agency selected another candidate for the position. *Id.* The appellant appealed to the Board. IAF, Tab 1.

¶3        In her initial Board appeal, the appellant essentially argued that the agency committed a prohibited personnel practice by failing to wait to hear from her supervisor prior to selecting a candidate for the position, thereby invalidating the selection process. IAF, Tab 1 at 5-6. The appellant also claimed that her supervisor discriminated against her on the basis of her age by failing to respond to the selecting official. *Id.* at 6. Because a nonselection for promotion generally is not an independent appealable action, the administrative judge ordered the appellant to demonstrate that the Board had jurisdiction over her appeal. IAF, Tab 2 at 2-3. She also notified the appellant of the circumstances under

which the Board has jurisdiction over nonselection claims: when the decision is made in retaliation for whistleblowing, *see* 5 U.S.C. § 2302(a)(2)(A)(i); is the product of discrimination based on uniformed service, *see* 38 U.S.C. §§ 3311, 4324; or is in violation of the candidate's veterans' preference rights, *see* 5 U.S.C. § 3330a(d)(1). IAF, Tab 2 at 3. In response, the appellant conceded that none of those exceptions applied. IAF, Tab 6 at 4. The appellant argued, however, that the Board has jurisdiction over her appeal based on the agency's actions constituting prohibited personnel practices set forth at 5 U.S.C. §§ 2302(b)(2), (b)(4), and (b)(12), and a violation of the merit systems principle set forth at 5 U.S.C. § 2301(b)(1). IAF, Tab 6 at 4-7. The appellant argued further that her status as a bargaining unit employee was sufficient to establish Board jurisdiction over her claim. IAF, Tab 8 at 4-5. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 7.

¶4     The administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 9, Initial Decision (ID). She found that, because the appellant was not claiming reprisal for whistleblowing or a violation of the Uniformed Services Employment and Reemployment Rights Act or the Veterans Employment Opportunities Act, the Board lacked jurisdiction over her nonselection for promotion. ID at 2-3. The administrative judge did not address the appellant's age discrimination claim in the initial decision. *See* ID.

¶5     The appellant has filed a petition for review of the initial decision, Petition for Review (PFR) File, Tab 1, and the agency has responded in opposition, *id*., Tab 3. In her petition for review, the appellant argues that: (1) the administrative judge misidentified her initial appeal as a nonselection for promotion claim, instead of a claim that the agency committed a prohibited personnel practice; and (2) the appellant's status as a bargaining unit employee excepts her from the general rule that the Board lacks jurisdiction over nonselection for promotions. PFR File, Tab 1 at 4. We find that the appellant's arguments do not show error in the initial decision.

¶6       The gravamen of the appellant's appeal is that she was not selected for promotion from a GS-11 position to a GS-12 position because of the agency's commission of various prohibited personnel practices and a violation of a merit systems principle.  IAF, Tab 1 at 5-6, Tab 4 at 4-7, Tab 8 at 4-5; PFR File, Tab 1 at 4.  Therefore, from the appellant's pleadings below and on review, it is clear that the administrative judge was correct in characterizing the appellant's claim as one of a nonselection for promotion.

¶7       The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  As found by the administrative judge, the Board lacks jurisdiction over the failure to select an employee for promotion.  *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992); *see Nakshin v. Department of Justice*, 98 M.S.P.R. 524, ¶ 9 (2005); ID at 2.

¶8       The appellant's claim that her nonselection was based on various prohibited personnel practices does not alter the conclusion that the Board lacks jurisdiction over her appeal.  As found by the administrative judge, absent an otherwise appealable action, the Board lacks jurisdiction over claims of prohibited personnel practices under 5 U.S.C. § 2302(b).[2]  *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction); ID at 2.

---

[2] As the administrative judge correctly noted, the Board may have jurisdiction over a nonselection claim where the appellant raises the prohibited personnel practice of reprisal for whistleblowing.  *See* 5 U.S.C. § 2302(a)(2)(A)(i), (b)(8)-(9); IAF, Tab 2 at 2-3.  Board jurisdiction over a nonselection also exists where the nonselection is the product of discrimination based on uniformed service, *see* 38 U.S.C. §§ 3311, 4324; or the nonselection is in violation of the candidate's veterans' preference rights, *see* 5 U.S.C. § 3330a(d)(1).  However, the appellant admitted that none of those exceptions are applicable to her appeal.  IAF, Tab 6 at 4.

¶9   The appellant's claim that her status as a bargaining unit member vests the Board with jurisdiction is also without merit.[3]   The appellant's status as a bargaining unit employee merely provides her with two procedural avenues in which to "facilitate challenges to adverse actions" under 5 U.S.C. § 7512.  *See Mays v. U.S. Postal Service*, 995 F.2d 1056, 1060 (Fed. Cir. 1993).  We are unaware of a law, rule, or regulation that provides for Board jurisdiction over an appeal of an otherwise nonappealable matter (such as a nonselection) merely because the appeal is filed by a bargaining unit member.  The appellant has not identified such a law, rule, or regulation.

¶10   In sum, because the appellant has failed to demonstrate an independent basis for Board jurisdiction, we find that the administrative judge was correct in dismissing the appellant's nonselection for promotion appeal for lack of jurisdiction.[4]

---

[3] Although not raised by the appellant on review, we agree with the administrative judge that a claimed violation of the merit systems principles under 5 U.S.C. § 2301 does not alone serve as a basis for Board jurisdiction.  *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 13 (2012) (stating that in the absence of an otherwise appealable action, the Board lacks jurisdiction to review the appellant's claim that the agency violated merit systems principles); *Neal v. Department of Health & Human Services*, 46 M.S.P.R. 26, 28 (1990) (stating that the merit systems principles are intended to furnish guidance to federal agencies and do not constitute an independent basis for legal action).

[4] The administrative judge did not address the appellant's age discrimination claim in the initial decision.  *See* ID.  However, because the appellant failed to raise an otherwise appealable action within the Board's jurisdiction, the Board lacks jurisdiction over her age discrimination claim.  *See* 5 U.S.C. § 7701(a)(1); *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (finding that the Board lacks jurisdiction over the appellant's age, race, and sex discrimination claims in the absence of an otherwise appealable action).  Thus, the administrative judge's failure to address the appellant's age discrimination claim did not prejudice her substantive rights and provides no basis for reversal of the initial decision.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (determining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.